# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAILAH WHITE, | Case No. CV 16-1863-DSF (JPR) |
| Petitioner, | |
| v. | ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
| JANEL ESPINOZA, Warden, | |
| Respondent. | |

The Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge. See 28 U.S.C. § 636. On December 26, 2017, Petitioner filed objections, in which she mostly repeats arguments raised in the Petition and Traverse.[1] Those arguments were thoroughly addressed and rejected in the R. & R., but one of Petitioner's objections requires brief discussion.

Petitioner argues that insufficient evidence supported her conviction for mayhem as an aider and abettor. (See Objs. at 10-11.) She contends in particular that the "specific intent" element of aiding and abetting was not proved and contests the

---

[1] On December 28, 2017, Petitioner filed a Request to Correct or Amend the Objections, which the Court grants.

prosecution's reliance on "the doctrine [that] 'malice' c[ould] be inferred by injury." (Id.) Petitioner's arguments are unconvincing.

The prosecution proceeded both on the theory of aiding and abetting and guilt as a principal (see Lodged Doc. 2, 7 Rep.'s Tr. at 2176-78 ("[Petitioner] committed some of these things personally . . . and also aided and abetted[.]")), and the jury was so instructed (see Lodged Doc. 2, 2 Rep.'s Tr. at 237 (aiding and abetting), 244 (mayhem principal theory as to both defendants)). A "jury [is] not required to unanimously choose a particular theory" and may "validly rely on different theories in order to return a guilty verdict." Taylor v. Beard, 811 F.3d 326, 332 (9th Cir. 2016) (en banc) (citing Schad v. Arizona, 501 U.S. 624, 631-32 (1991)). Thus, the jury was not required to find "beyond a reasonable doubt that Petitioner was in fact an aider and abettor," as she alleges (Objs. at 10), but rather could convict her of mayhem as a principal. See People v. Majors, 18 Cal. 4th 385, 408 (1998) ("[T]he jury need not decide unanimously whether defendant was guilty as the aider and abettor or as the direct perpetrator."). Indeed, the jury found that Petitioner "personally inflicted great bodily injury." (Lodged Doc. 1, 2 Clerk's Tr. at 270-71.) As the R. & R. has addressed in full, sufficient evidence supported Petitioner's mayhem conviction on a theory of guilt as a principal. (See R. & R. at 50-57.)

Having reviewed de novo those portions of the R. & R. to which Petitioner objected, the Court accepts the Magistrate Judge's findings and recommendations.

IT IS THEREFORE ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: 2/5/18

DALE S. FISCHER
U.S. DISTRICT JUDGE